**Hugh Pearson COOPER et al., Appellants,**

**v.**

**Basil Pearson COOPER, Appellee.**

Court of Appeals of Kentucky.

Sept. 22, 1972.

James F. Clay, Sr., Clay & Clay, Danville, David A. Taylor, Harrodsburg, for appellants.

W. Earl Dean, Sr., Dean, Dean & Dean, Harrodsburg, Basil P. Cooper, Arlington, Va., for appellee.

EDWARD P. HILL, Jr., Justice.

By his will dated September 24, 1951, Clarence A. Pearson devised the bulk of his estate (Mercer County farm) in equal parts to his two nephews, appellant Hugh Pearson Cooper and appellee Basil P. Cooper, a brother of Hugh. On December 2, 1965, testator wrote a codicil to his will in which he reduced the bequest to Basil P. from a one-half interest to one dollar. The testator was then seventy-seven years of age.

Basil sued to void the codicil, alleging among other things fraud, undue influence, mental incapacity, and insane delusion. The jury concluded that testator was suffering under an insane delusion and voided the codicil. Hugh has appealed from the judgment entered on the jury verdict. We affirm.

We refer to Prichard v. Kitchen, Ky., 242 S.W.2d 988 (1951), and to cases therein cited and to 22 RCL 102 for an approved definition of an "insane delusion."

As for the facts developed during the long and hard-fought trial with each party represented by counsel of his own choosing, it was established that testator spent about all his life in Mercer County, Kentucky. During the many years before testator's death, Hugh was, and still was at the time of trial, a resident of the state of Texas, while Basil was a resident of the state of Virginia and employed as an attorney in Washington, D. C. The record is full of correspondence between testator and the two nephews and between the two nephews. Basil argues that Hugh poisoned and embittered the mind of "Uncle Clarence" against him by false and untrue accusations. Hugh countered by insisting that any dislike or "delusion" on the part of testator was based upon facts gradually acquired by testator over the years and that he, Hugh, made no false or untrue statements to testator concerning his brother Basil. One thing is clear from the record and that is—there does not appear to be an overabundant spirit of brotherly love between Hugh and Basil.

The "insane delusion" relied on by appellee and found by the jury may be said to consist of an idea or belief that Basil was unfaithful in giving advice to testator concerning the title to the farm, which idea or belief was without reason or foundation and which was the result of a diseased or perverted mind.

At the death of the mother of Hugh and Basil, a part interest in the Pearson farm was inherited by Hugh and Basil, and they leased this interest to testator. Also, the widow of another nephew of testator had a dower interest in the farm. Basil, being a lawyer, gave some advice to testator concerning this dower interest which upset the aging testator as shown by the correspondence. The correspondence discloses that Hugh agitated the disturbed condition of testator by ridiculing the advice given by Basil and encouraging testator to disbelieve in Basil's advice. There was substantial evidence that for some months prior to the executing of the codicil, the testator's physical condition was rapidly deteriorating. In late 1965, he declined, because of failing eyesight, an invitation from Basil to visit the latter and see the horse races.

From the exhibits, it would appear that while testator was corresponding in friendly and cordial terms with Basil, he was writing Hugh most critical references to Basil. We do not have the benefit of letters from Hugh to the testator.

Of more importance, there was no proof that Basil gave any false or misleading advice concerning the title questions.

As we view the record, this is one of those cases where there was substantial evidence to support a verdict either upholding the codicil or voiding it. In this situation, this court should not disturb the verdict or the judgment entered thereon.

Appellant questions the instruction which submitted the question of "insane delusion." It appears, however, that appellant did not offer another instruction and did not properly object to the one given. See CR 51. Furthermore, the instruction given substantially conformed to one given in Lancaster v. Lancaster's Ex'r, Ky., 87 S. W. 1137, 27 Ky.Law Rep. 1127.

The judgment is affirmed.

All concur.